FILED
July 02, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| VERONICA MARIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EL CENTRO DEL BARRIO, d/b/a CENTROMED,<br><br>Defendant. | §<br>§<br>§<br>§<br>§  CIVIL NO. SA-24-CV-571-OLG<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Before the Court is the status of the above-captioned action. Plaintiff initiated this action in federal court on May 24, 2024. (Dkt. No. 1).[1] On August 26, 2024, Defendant filed its motion to substitute the United States as the proper defendant under 42 U.S.C. § 233. (Dkt. No. 8 at 6). On October 15, 2024, Plaintiff filed her response in opposition to Defendant's motion to substitute. (Dkt. No. 16). Thereafter, the case was stayed pending a resolution of the motion to substitute.

On April 24, 2025, the Court ordered Plaintiff to show cause as to whether the exceptions of the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(3)–(4), divest the Court of subject-matter jurisdiction. (*See* Dkt. No. 18 at 3–4). Plaintiff responded that the Court should decline to exercise jurisdiction because there is "no evidence that less than two-thirds of the class reside in the State of Texas." (Dkt. No. 19 at 1). Additionally, Plaintiff requested the Court to dismiss this action without prejudice. (*Id.*) The Court construed Plaintiff's Response as a motion for voluntary dismissal under Rule 41(a)(2), and Defendant was given an opportunity to file a response. (*See*

---

[1] This case arises from a data breach perpetrated against Defendant that compromised the personally identifiable information and protected health information of Plaintiff and the putative class members. (*See* Dkt. No. 3 at 1–2).

Dkt. No. 20 at 1). Defendant has not filed a response, and its opportunity to do so has elapsed. *See* W.D. Tex. R. CV-7(d)(2).

Under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). "[V]oluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002) (citing *Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990)). Plain legal prejudice arises when a party attempts to dismiss the case near the end of pretrial proceedings or seeks to avoid an adverse ruling. *See In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) (citations omitted).

Here, no such prejudice exists. Plaintiff's request to dismiss this action does not come at a late stage in the pretrial proceedings because no party has filed a dispositive motion, and the Court has not entered a scheduling order. Plaintiff also does not seek to avoid an imminent adverse ruling because the current pending motions concern non-dispositive matters. (*See* Dkt. Nos. 8 & 17). Upon review, it is clear that Defendant would not suffer legal prejudice following a dismissal of this action.

Accordingly, it is hereby **ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. It is further **ORDERED** that all pending motions are **DENIED** as moot.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 2nd day of July, 2025.

                                                 ORLANDO L. GARCIA
                                                 United States District Judge